

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF STANLY    2024 FEB 14 A 9: 23

24 CVS 149

| ADLAY Y. WILSON, | STANLY CO. C.S.C. | |
|---|---|---|
| | Plaintiff, | |
| v. | | COMPLAINT<br>(Jury Trial Demanded) |
| DOLLAR TREE STORES, INC., | | |
| | Defendant. | |

NOW COMES Plaintiff, **ADLAY Y. WILSON**, by and through her undersigned counsel, who alleges the following cause(s) of action against Defendant, DOLLAR TREE STORES, INC., based upon her personal knowledge and based upon information and belief as to all matters, including, *inter alia*, an investigation conducted by and through her attorneys:

## JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over this matter as this is a civil action in which the amount in controversy exceeds the jurisdictional minimum limits of this Court set out in N.C. Gen. Stat. § 7A-243.

2.     Under N.C.G.S.§ 1-75.4(1)(d), this Court has personal jurisdiction over Defendant DOLLAR TREE STORES, because, upon information and belief, Defendant is a Virginia Corporation with its principal office located at 500 Volvo Parkway, Chesapeake, VA 23320, and which owns and operates a Family Dollar retail store, located at 8108 Culp Road, Richfield, North Carolina, 28137.

3.     DOLLAR TREE STORES, INC., maintains its Registered Office in North Carolina at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

1

4.      Venue is proper because of the alleged acts or omissions reflected below, which gave rise to this cause of action, occurred within Stanly County, North Carolina and the Plaintiff resides in Stanly County.

## PARTIES

5.      Plaintiff Adlay Wilson is a citizen and resident of Stanly County, North Carolina.

6.      Upon information and belief, Defendant DOLLAR TREE STORES, INC., is a Virginia Corporation, with its principal office at 500 Volvo Parkway, Chesapeake, VA 23320.

7.      Upon information and belief, Defendant DOLLAR TREE STORES, INC., Registered Agent in North Carolina is Corporation Service Company whose registered office is located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

8.      Upon information and belief, the Defendant is in the business of operating retail stores, including the Family Dollar located at 108 Culp Drive, Richfield, North Carolina.

9.      All allegations herein against Defendant DOLLAR TREE STORES, INC., also refer to and include their principals, agents, wholly-owned or partially owned subsidiaries, and/or servants, either directly or vicariously, under the principles of corporate liability, agency, and/or respondeat superior, and that the acts, practices, and omissions of the employees and/or agents of the Defendant are imputed to the same.

## FACTUAL ALLEGATIONS

10.      Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

11.      On October 6, 2022, Plaintiff arrived at Defendant's Family Dollar location, located at 108 Culp Drive, Richfield, NC, in order to patronize the business.

2

12.  Plaintiff parked her car in the store parking lot, and began to walk towards the entrance of the store.

13.  As Plaintiff began to walk towards the entrance, she did not observe any signs warning her that there were dangerous conditions present in the parking lot.

14.  As Plaintiff approached the store, Plaintiff slipped on an unknown substance and fell face first onto the asphalt.

15.  Plaintiff made violent contact with the asphalt parking lot and/or sidewalk, with her knees absorbing the majority of the force of the impact.

16.  Plaintiff immediately saw that her feet were in an unknown black liquid that was slippery to the touch.

17.  Plaintiff immediately felt intense pain from the impact.

18.  Plaintiff was able to return to her feet, and enter the store.

19.  Once inside the store, Plaintiff reported her fall to a cashier and the manager-on-duty at the time.

20.  Plaintiff went to the Emergency Room the following evening due to a dramatic increase in pain.

21.  The Emergency Room performed x-rays of her knees, pelvis, and shoulders.

22.  Plaintiff was discharged from the ER, and underwent conservative treatment, including intra-joint injections, to treat her injuries.

23.  A December 2, 2022 MRI of Plaintiff's left knee revealed that she sustained a tear of the medial meniscus in her knee, as well as chondrosis.

24.  A December 8, 2022 MRI of Plaintiff's right knee revealed that she may have sustained a tear of the medial meniscus in her knee, as well as chondrosis.

3

25.  Dr. R. Grant Mostak, Plaintiff's treating Orthopedic physician, has opined that the damage to Plaintiff's knees was either caused or aggravated by the fall on Defendant's premises.

26.  Plaintiff had to end her employment as a caregiver for an elderly individual after the fall, as her injuries prevented her from being able to fulfill the demands of the job.

27.  Plaintiff underwent a right knee arthroscopy to correct the damage to her knee on July 13, 2023, perfomed by Dr. Mostak.

28.  Plaintiff continues to experience pain in both knees and her lower back.

## CAUSE OF ACTION
### NEGLIGENCE – PREMISES LIABILITY

29.  Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

30.  Defendant has a duty to use reasonable care to keep the premises in a safe condition for those who may be reasonably expected to use the premises, and to give warning of hidden perils and unsafe conditions insofar as they can be reasonably ascertained by reasonable inspection.

31.  Defendants breached this duty of care in one or more of the following ways:

   a.  Allowing a dangerous condition, specifically the presence of oil or other liquid on parking lot and sidewalk, which caused the Plaintiff to slip and fall, when it knew or should have known through the exercise of reasonable diligence and care of that condition's existence;

   b.  Negligently failing to correct a dangerous condition created by the Defendants after it should have known that such a condition existed;

4

c. Breaching a duty of care to its business invitees, including the Plaintiff, to maintain the premises in a reasonable manner so that its business invitees, including the Plaintiff, would not be injured while on the premises;

d. Failing to maintain the premises in a reasonably safe manner and condition by allowing an oil spill in the parking lot, which caused the Plaintiff to slip and fall, when the Defendants knew or should have known of the oil spill, and should have taken reasonable and appropriate steps to remedy the condition;

e. Upon being on actual or constructive notice that there was an oil spill in a high traffic area near the entrance & exit of the store, Defendant failed to do anything to remedy the water on the floor or warn customers of the oil spill.

f. Defendant was further negligent in ways that will be shown though discovery and a trial of this matter.

32.     As a direct and proximate result of Defendant's negligence Plaintiff has sustained physical injuries to her knees and lower back, including those outlined in Paragraph __ above.

33.     As a direct and proximate result of Defendant's negligence Plaintiff has suffered financial damages related to her need for past, present and future medical treatment, pain and suffering, and loss of enjoyment and quality of life.

34.     As a direct and proximate result of Defendant's negligence Plaintiff has suffered financial damages related to her inability to work, as she was required to give up one job as a result of her injuries.

35.     As a direct and proximate result of Defendant's negligence the damages sustained by Plaintiff exceed $25,000.00.

5

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial of all claims and matters set forth herein.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully prays that this Honorable Court grants the following relief:

1.    Compensatory, consequential damages in excess of Twenty-Five Thousand Dollars ($ 25,000.00);

2.    The costs of this action, including reasonable attorney fees and interest as provided by law;

3.    Trial by jury; and

4.    For such other, further, and different relief as the court may deem just and proper.

This the 14 day of _Feb_ , 2024.

SEIFERFLATOW, PLLC

By:  _____
David W. Capper
N.C. State Bar No. 59011
david@seiferflatow.com

By:  _____
Mathew E. Flatow
N.C. State Bar No. 35282
mathew@seiferflatow.com
2319 Crescent Avenue
Charlotte, North Carolina 28207
P: (704) 512-0606
F: (704) 314-0677
*Attorneys for Plaintiff*

6